# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| BENITO SEPULVEDA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-2319 |
| | § | |
| WAREHOUSE RACK COMPANY, | § | |
| L.P., and CARLOS RIVERA, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss [Doc. # 3] filed by Defendants Warehouse Rack Company ("Warehouse") and Carlos Rivera seeking dismissal of Plaintiff Benito Sepulveda's fraud claim. Plaintiff filed a Response [Doc. # 8], and Defendants neither filed a reply nor requested additional time to do so. Having reviewed the full record, the Court **grants** the Motion to Dismiss but will allow Plaintiff an opportunity to replead.

Plaintiff was employed by Warehouse from January 20, 2011 until June 7, 2011. Plaintiff alleges that he performed non-exempt work for which he was not paid overtime wages, in violation of the Fair Labor Standards Act ("FLSA"). Plaintiff asserts a fraud claim based on the allegation that Defendants falsified time records in order to avoid paying overtime wages to Warehouse employees. Defendants have moved to dismiss the fraud claim.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009). The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Additionally, Rule 9 of the Federal Rules of Civil Procedure requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b); *see Leatherman v. Tarrant Cty. Narcotics Intelligence Unit*, 507 U.S. 163, 168-69 (1993); *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000). In particular, the pleadings should "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Southland Securities Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004) (quoting *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177-78 (5th Cir. 1997)). Rule 9(b) requires a plaintiff to allege the existence of facts sufficient to warrant the pleaded conclusion that fraud has occurred. *See In Re Haber Oil Co.*, 12 F.3d 426, 439 (5th Cir. 1994). While fraud must be pled with particularity, it "may be pleaded

without long or highly detailed particularity." *Guidry v. United States Tobacco Co.*, 188 F.3d 619, 632 (5th Cir. 1999).

In this case, Plaintiff alleges that time records were falsified (the statements contended to be fraudulent) during the period of his employment from January 20, 2011 through June 7, 2011 at the Warehouse facility in Houston, Texas (when and where the statements were made). *See* Original Complaint [Doc. # 1], ¶¶ 28, 62. Plaintiff alleges that the time records were fraudulent because Defendants deliberately recorded incorrect time in order to avoid paying overtime wages to Warehouse employees. *See id.*, ¶ 62. Plaintiff does not, however, distinguish between the individual Defendant and the corporate Defendant, instead alleging simply that "Defendants" engaged in a pattern and practice of falsifying time records. As a result, the fraud claim is subject to dismissal.

Where, as here, a plaintiff's complaint fails to state a fraud claim with sufficient particularity, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). In his Response, Plaintiff requests leave to amend the complaint should the Court determine that Defendants' Motion to Dismiss has merit. The Court concludes that Plaintiff should be given an opportunity to amend the complaint to identify which

Defendant allegedly falsified the time records. Unless Plaintiff has a good faith factual basis, he should not allege that Defendant Rivera personally falsified time records at Warehouse. *See* FED. R. CIV. P. 11(b). Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Dismiss [Doc. # 3] is **GRANTED**. On or before **October 5, 2011**, Plaintiff shall file an Amended Complaint that satisfies federal pleading requirements and complies with Rule 11 of the Federal Rules of Civil Procedure.

SIGNED at Houston, Texas, this 20th day of **September, 2011.**

Nancy F. Atlas
United States District Judge